[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 4, 2010
JOHN LEY
ACTING CLERK

No. 09-12439
Non-Argument Calendar

_____

D. C. Docket No. 08-00480-CR-2-IPJ-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY BAILEY,
a.k.a. Jimmy Macdougle,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 4, 2010)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Michael Anthony Bailey appeals his 46-month sentence, imposed within the applicable guideline range, after pleading guilty to alien reentry into the United States without consent, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Bailey contends his sentence is substantively unreasonable. Specifically, he argues his sentence is longer than necessary to accomplish the sentencing goals of § 3553(a). He asserts a reasonable sentence would have either given him credit for 27 months served in state custody during prosecution on a state charge, or acknowledged the time served through a downward departure.

We examine the reasonableness of a sentence under an abuse of discretion standard. *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). The standard is deferential, taking into account the totality of the circumstances. *Gall v. United States*, 128 S. Ct. 586, 591, 597 (2007). The party challenging the sentence carries the burden of establishing unreasonableness. *United States v. Flores*, 572 F.3d 1254, 1270 (11th Cir.), *cert. denied*, 130 S. Ct. 568 (2009).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing listed in § 3553(a)(2). 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the § 3553(a) factors in fashioning a particular sentence. *See* 18 U.S.C. § 3553(a)(1), (3)-(7). A sentence is substantively unreasonable "if it does

2

not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). We have held "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted).

The record demonstrates Bailey has not met his burden to demonstrate his sentence was greater than necessary to achieve the goals listed in § 3553(a). Bailey cites no authority to support the proposition that a reasonable sentence compels a federal court, imposing a federal sentence, to credit a defendant with time served while in state custody during the course of a state prosecution. He has thus failed to satisfy his burden of establishing his guideline sentence was unreasonable. *Flores*, 572 F.3d at 1270. Moreover, the district court considered Bailey's argument and provided a reasoned basis for exercising its authority. *Livesay*, 525 F.3d at 1090. Therefore, the district court did not abuse its discretion in declining to impose a sentence below the guideline range.

**AFFIRMED.**